**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Rosanne Edwards Murphy, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2:05-02798-CWH |
| | ) | |
| versus | ) | |
| | ) | |
| Walmart Supercenter and Mr. Zanone, | ) | **ORDER** |
| Manager of Walmart Supercenter, also | ) | |
| known as Russ Zanone, | ) | |
| | ) | |
| Defendants. | ) | |

On September 27, 2005, the plaintiff, a resident of South Carolina, filed a complaint *pro se* against Walmart Supercenter at the Ashley Crossing Shopping Center and its manager, Mr. Zanone, also known as Russ Zanone. The plaintiff did not allege the citizenship of the parties. The plaintiff is a resident of Charleston County.

On September 29, Magistrate Judge George C. Kosko filed a report and recommended that this action be dismissed for lack of jurisdiction. On October 19, 2005, the plaintiff filed objections to the magistrate judge's report and recommendation.

Although the plaintiff's *pro se* complaint is liberally construed, federal courts are of limited jurisdiction. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is without 28 U.S.C. §1332 diversity jurisdiction because there is not complete diversity of citizenship. Strawbridge v. Curtiss, 7 U.S. 267 (1806); Owen Equip. & Erection Co., v. Koger, 437 U.S. 365, 372-74 (1978).

The plaintiff alleges that she submitted negatives to be developed but received photographs of another person. She submitted photocopies of the alleged photographs. The

plaintiff seeks "justice," compensation, and an explanation as to how mistakes in the photo developing occurred. In her objections, the plaintiff alleges that the photos are re-enactments of the photos that she took..

Any claims arising under South Carolina law would be cognizable in this Court under the diversity statute.  However, this Court is without 28 U.S.C. §1332 diversity jurisdiction because there is not complete diversity of citizenship.  Strawbridge v. Curtiss, 7 U.S. 267 (1806); Owen Equip. & Erection Co., v. Koger, 437 U.S. 365, 372-74 (1978).

The plaintiff has not stated a federal question nor a cause of action under 42 U.S.C. §1983.  In order to state a cause of action under 42 U.S.C. 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980) and Am. Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52 (1999).  In this case, the plaintiff has not alleged deprivation of a federal right.  In addition, the defendants are a private individual and a private corporation, who the plaintiff does not allege acted in concert with the State.  See Dennis v. Sparks, 449 U.S. 24, 27-28 (1980.  Therefore, this court is without subject matter jurisdiction.

Accordingly, the Court adopts the report and recommendation and dismisses this action without prejudice and without service of process for lack of jurisdiction.

**AND IT IS SO ORDERED.**

_C. Weston Houck_
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

Charleston, South Carolina
October 31, 2005